IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PACIFIC EMPLOYERS INSURANCE CO.,   )
CIGNA FIRE UNDERWRITERS            )
INSURANCE CO.,                     )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )   CIVIL ACTION NUMBER
                                   )   CV-96-C-2500-NE
SPRY FUNERAL HOME OF ATHENS,       )
INC., et al.,                      )
                                   )
        Defendants.                )

ENTERED
JUN 2 4 1997

**MEMORANDUM OF OPINION
GRANTING SUMMARY AND DECLARATORY JUDGMENT
TO THE ORIGINAL PLAINTIFFS**

Plaintiffs Pacific Employers Insurance Company ("Pacific") and Cigna Fire Underwriters Insurance Company ("Cigna") seek a declaratory judgment that there is no duty to defend corporate defendant Spry Funeral Home of Athens, Inc. and individual defendants James Spry, Sr., James Spry, Jr., and Gregory Spry in an underlying state court fraud action. Because of the absence of genuinely disputed issues of material facts, and plaintiffs' entitlement to judgment as a matter of law, plaintiffs' Motion for Summary Judgment will be granted.

I.

Bessie Williams filed an action against the defendants on June 12, 1996, in the Limestone County (Alabama) Circuit Court. She alleges, *inter alia*, fraud, fraudulent suppression, conspiracy, negligence, and wantonness. The state court action

arises out of January 4, 1990 statements and misrepresentations allegedly made by the defendants to Mrs. Williams' son concerning the type and kind of funeral merchandise and services available under certain burial policies which she held for the benefit of her deceased husband. As a result of defendants' alleged misrepresentations and fraudulent concealment, Mrs. Williams claims that she paid the defendants over $3000, much of which should have been covered under the burial policies.

Mrs. Williams alleges that she did not learn of the fraud until she consulted her attorney in October 1995, and that prior to that time, she " ... did not know and had no means of knowing that the defendants had perpetrated said fraud on her." <u>Williams v. Spry Funeral Home of Athens, Inc., et al.</u>, 96-267-J (Limestone County Circuit Court), p. 4.

Mrs. Williams complains that she has suffered emotional distress on account of the Spry defendants' conduct.

II.

The Pacific insurance policy issued to the Spry defendants provide for commercial general liability and funeral directors coverage for the period January 1, 1989, to January 1, 1993. The Cigna policy provides similar coverage for the period January 1, 1993 to January 1, 1995. Both policies cover "bodily injury" and "property damage," and both policies exclude "intentional acts." Pls.' Ex. A, Pls.' Mem. Supp. Summ. J., 1989, 1990, 1991 and 1992 Pacific Policy's Commercial General Liability Coverage Forms, at 1; Pls.' Ex. B, Pls.' Mem. Supp. Summ. J., 1993 and 1994 CIGNA Policy's Commercial General

Liability Coverage Forms, at 1.

"Bodily injury" and "property damage" are covered under both policies only if they " ... are caused by an `occurrence' that takes place in the coverage territory and [occur] during the policy period." *Id.* (emphasis added). An "occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.,* at 11.

### III.

On these undisputed facts, Alabama law is clear.

First, a *purely economic loss* is not "property damage," within the meaning of the boilerplate definition of comprehensive general liability policies like the ones at issue here. American States Ins. Co. v. Martin, 662 So.2d 245, 248 (Ala. 1995).

Second, a claim of mental anguish is a "bodily injury" claim, so long as the occurrence giving rise to the emotional distress transpired during the policy period. But " ... the time of the occurrence of the accident ... is not when the wrongful act was committed, *but when the complaining party was actually damaged.*" United States Fidelity & Guar. Co. v. Warwick Dev. Co., 446 So.2d 1021, 1024 (Ala. 1984) (internal citations omitted) (emphasis added). What controls is the insurance in force at the time of the injury, rather than the insurance in force at the time of the underlying occurrence.

Reliance based on misrepresentations does not constitute an "occurrence." State Farm Fire and Cas. Co. v. Gwin, 658 So.2d 426, 428 (Ala. 1995). The Alabama Supreme Court

has specifically held that there is no coverage where the emotional distress occurred **after** the termination of the policy. American States Ins. Co. v. Martin, 662 So.2d 245, 250 (Ala. 1995).

## CONCLUSION

On the facts, plaintiffs are entitled to summary judgment as a matter of law. They are not required to defend or indemnify the defendants in the underlying state court action.

DONE this 24th day of June, 1997.

UNITED STATES DISTRICT JUDGE
U.W. CLEMON